PER CURIAM:
Jamal Samak, a federal prisoner proceeding pro se, appeals the district court’s dismissal for lack of jurisdiction of his 28 U.S.C. § 2241 habeas corpus petition challenging his convictions and total sentence of life imprisonment, imposed after a jury found him guilty of one count of conspiracy to violate the Organized Crime Control Act of 1970 (“OCCA”), in violation of 18 U.S.C. § 371; and one count of violating the OCCA through destruction by fire, in violation of 18 U.S.C. § 844(i). The district court’s dismissal was based on its conclusion that Samak had failed to establish the necessary conditions for his claims to satisfy the savings clause in 28 U.S.C. § 2255(e) such that they might be considered in a § 2241 petition.
On appeal, Samak argues that because the version of § 844(i) in effect at the time of his conviction and sentencing required a jury recommendation to impose a life sentence, and because the jury did not provide such a recommendation, the district court erred in sentencing him to life imprisonment. He also argues that his counsel was ineffective for failing to advise him to enter into a plea agreement.[1] He provides no argument as to why either of these claims satisfies the savings clause.
Upon a thorough review of the record, and after consideration of the parties’ briefs, we affirm.
Whether a prisoner may bring a § 2241 petition under the savings clause of § 2255(e) is a question of law that we review de novo. Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1262 (11th Cir.2013). The applicability of the savings clause is a threshold jurisdictional issue, and the savings clause imposes a subject-matter jurisdictional limit on § 2241 petitions. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1337-38 (11th Cir.2013). The petitioner bears the burden of demonstrating that the § 2255 remedy was “inadequate or ineffective to test the legality of his detention” for purposes of § 2255(e). Mackey v. Warden, FCC Coleman-Medium, 739 F.3d 657, 661 (11th Cir.2014). Pro se pleadings are liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998).
Under § 2241, a district court has the power to grant a writ of habeas corpus to a prisoner in custody in that district. 28 *1274 U.S.C. § 2241(a), (d). This power is limited by § 2255(e), which states,
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by [a § 2255 motion], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
28 U.S.C. § 2255(e). “An application for a writ of habeas corpus” includes a petition filed under § 2241. Bryant, 738 F.3d at 1262.
When a prisoner previously has filed a § 2255 motion to vacate, he must apply for and receive permission from the court of appeals before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b), 2255(h). Such restrictions on successive § 2255 motions, standing alone, do not render that section “inadequate or ineffective” within the meaning of the savings clause. Gilbert v. United States, 640 F.3d 1293, 1307-08 (11th Cir.2011) (en banc). In Wofford, we stated that a petitioner meets the requirements of the savings clause when: (1) the petitioner’s claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes that the petitioner was convicted of a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner’s trial, appeal, or first § 2255 motion. Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir.1999).
In Williams, we held that Wofford resolved Williams’s appeal because he could not show that our caselaw foreclosed his objection to treating his two Florida burglary convictions as violent felonies under the ACCA. Williams, 713 F.3d at 1343-44. We stated that Wofford established two necessary, but not necessarily sufficient, conditions for a sentencing claim to pass muster under the savings clause: (1) “the claim must be based upon a retroactively applicable Supreme Court decision”; and (2) “the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.” Id. at 1343. We held that there was no circuit precedent during Williams’s direct and collateral attacks that “squarely held” that the Florida offense of burglary of a dwelling, which Williams was now contending was not a predicate offense, was a violent felony for ACCA purposes. Id. at 1344-45. Thus, Williams could have challenged the use of his burglary of a dwelling convictions as predicate offenses in his original § 2255 motion, and his § 2255 motion was not “an ineffective test of his claims.” Id. at 1345.
In responding to Williams’s argument that Begay[2] was the “circuit-law busting, retroactively applicable Supreme Court decision” required by Wofford, we clarified that the Supreme Court case must be “circuit-law busting” in that it overturned circuit precedent that specifically addressed the claim the prisoner now asserts. Id. at 1346-47. We concluded that “Begay is not circuit law-busting in Wofford’s sense of the term” because it “changed the analytical framework for determining whether a given state offense is a violent felony at a high level of abstraction by crafting its ‘purposeful, violent, and aggressive’ test,” but “[i]t did not abrogate all of this Court’s pre-Begay violent felony jurisprudence.” Id. at 1347.
*1275 In Bryant, we held that for a petitioner to bring a § 2241 challenge to the legality of his detention on the ground that a prior state conviction had been improperly designated a predicate offense for purposes of the ACCA, he must make a five-part showing that a prior § 2255 motion was “inadequate or ineffective to test the legality of his detention.” Bryant, 738 F.3d at 1274. First, a petitioner must show that, “throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit’s binding precedent had specifically addressed [his] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [his] § 924(e) claim that he was erroneously sentenced above the 10-year statutory maximum penalty in § 924(a).” Id. Second, a petitioner must identify a Supreme Court decision announced after his first § 2255 proceeding that overturned this Court’s precedent “that had squarely foreclosed [his] § 924(e) claim.” Id. Third, he must show that the Supreme Court’s new rule applies retroactively on collateral review. Id. Fourth, he must show that, as a result of the new rule being retroactive, his current sentence exceeds § 924(a)’s ten-year statutory maximum. Id. Finally, he must show that “the savings clause in § 2255(e) reaches his pure § 924(e)[] error claim of illegal detention above the statutory maximum penalty in § 924(a).” Id.
The version of 18 U.S.C. § 844(i) in effect at the time of Samak’s conviction and sentencing provided,
Whoever maliciously damages or destroys ... by means of fire ... any building ... shall be imprisoned for not more than ten years ... and if death results to any person ... shall also be subject to imprisonment for any term of years, or to the death penalty or to life imprisonment as provided in section 34 of this title.
18 U.S.C. § 844(i) (1992). At that time, 18 U.S.C. § 34 provided, “Whoever is convicted of any crime prohibited by this chapter, which has resulted in the death of any person, shall be subject also to the death penalty or to imprisonment for life, if the jury shall in its discretion so direct.” 18 U.S.C. § 34 (1992). The Fifth Circuit has held that, under the version of § 844(i) in effect at the time of Samak’s sentencing, a district court may sentence a defendant “only to ‘any term of years’ and not to life imprisonment in the absence of a jury recommendation or jury waiver.”[3] United States v. Williams, 775 F.2d 1295, 1299 (5th Cir.1985).
Here, the district court properly dismissed Samak’s § 2241 petition for lack of jurisdiction. Because binding Fifth Circuit precedent at the time of his sentencing actually supported his claim that he should not have been sentenced to life imprisonment, he cannot show that, at the time of his sentencing or any other relevant time, circuit precedent squarely foreclosed his claim. His ineffective-assistance claim related to counsel’s advice as to a guilty plea likewise fails because no circuit precedent foreclosed his raising that claim in a § 2255 motion.
AFFIRMED.[4]

. Samak also argues on appeal that (1) the government lacked federal jurisdiction under § 844(i) to prosecute him for arson involving “uncontained gasoline”; (2) it was inappropriate and prejudicial for the district court and his trial counsel to engage in "verbal gunfights in [the] presence of the jury, without requesting a sidebar conference”; and (3) the district court improperly imposed a two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice. However, because he did not raise these issues in the district court, we will not consider them. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir.2004) (stating in a civil case that “an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court” (quotation marks omitted)). Likewise, we also will not consider the issues he raised in the district court but did not brief on appeal. See id. at 1330 (stating that “a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed”).

. Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008).

. Samak was charged, convicted, and sentenced in the United States District Court for the Eastern District of Louisiana. Thus, Fifth Circuit law applied at the time of his conviction, sentencing, direct appeal, and § 2255 proceeding.

. Samak’s Motion for Leave to File Reply Brief Out of Time is GRANTED.