DLD-009                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3915
_____

IN RE:  JOSEPH P. DONAHUE,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court
for the Middle District of Pennsylvania
(Related to D.C. Civ. No. 3-08-cr-00221-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 9, 2014
Before:  FISHER, SHWARTZ and SLOVITER, Circuit Judges

(Filed: October 15, 2014)
_____

OPINION
_____

PER CURIAM

        Joseph P. Donahue petitions this Court for a writ of mandamus pursuant to 28

U.S.C. § 1651.  For the following reasons, we will deny the petition.

        In 2010, Donahue was convicted in the United States District Court for the Middle

District of Pennsylvania of four counts of bank fraud, ten counts of using a credit card

with intent to defraud, and one count each of money laundering and making false

statements.  His conviction was affirmed on direct appeal.  United States v. Donahue, 460

F. App'x 141 (3d Cir. 2012). In 2013, Donahue filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging prosecutorial misconduct and ineffective assistance of trial counsel claims. Along with the § 2255 motion, Donahue filed a motion to recuse pursuant to 28 U.S.C. § 144, alleging that the District Court had a personal bias against him and, specifically, that Judge Munley had "personal knowledge of disputed evidentiary facts which [were] crucial" to the § 2255 motion. The District Court denied both motions.

Donahue timely appealed and filed in this Court a request for a certificate of appealability (COA), as well as a petition for a writ of mandamus, in which he sought to have the District Court's order denying the § 2255 motion vacated and to disqualify the District Court from hearing the case on remand. See C.A. Nos. 14-3161 & 14-3252. In separate orders entered on August 26, 2014, we denied his request for a COA, and denied the mandamus petition as moot.

Donahue has filed the instant mandamus petition, in which he requests the identical relief sought in his previous petition. Donahue maintains, however, that this mandamus petition is not related to the denial of the COA, because "it is specifically to have the [the order denying his § 2255 motion] vacated and reassigned in order [that Donahue] may receive a fair hearing from an unbiased court absent personal bias."

Mandamus provides a "drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996) (citations

2

and internal quotation marks omitted).  To justify the Court's use of this extraordinary

remedy, Donahue would have to show a clear and indisputable right to the writ and that

he has no other adequate means to obtain the relief desired.  Haines v. Liggett Group Inc.,

975 F.2d 81, 89 (3d Cir. 1992).  Moreover, "[g]iven its drastic nature, a writ of

mandamus should not be issued where relief may be obtained through an ordinary

appeal."  In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001) (citation omitted).  Donahue

availed himself of the proper means to seek review of both the recusal motion and the

denial of the §2255 motion.  The fact that he is now barred by AEDPA's restrictions on

filing a successive § 2255 motion does not make mandamus an available remedy.  See

Samak v. Warden, FCC Coleman-Medium,  ___ F.3d ___, 2014 WL4441203, at *13-14

(11th Cir. Sept. 15, 2014, No. 13-12161); cf. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.

1997) (federal habeas corpus petition not available simply because petitioner cannot meet

AEDPA's stringent gatekeeping requirements).  Moreover, mandamus relief is not

available to correct a judge's refusal to recuse himself under § 144.  In re School

Asbestos Litigation, 977 F.2d 764, 776 (3d Cir, 1992).[1]

For the foregoing reasons, we will deny the petition for mandamus.  Donahue's

motion for expedited review is granted.

---

[1]  Mandamus may be used to challenge a district court judge's decision not to recuse
himself under 28 U.S.C. § 455(a).  Alexander v. Primerica Holdings, Inc., 10 F.3d 155,
163 (3d Cir. 1993).  We note that even if Donahue's petition were so construed, there was
no abuse of discretion.  See In re Kensington Int'l Ltd., 368 F.3d 289, 300-01 (3d Cir.
2004).