[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12878
Non-Argument Calendar

_____

D.C. Docket No. 5:10-cv-00387-EAK-PRL

WALTER LOMAX CAMPBELL,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - MEDIUM,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 2, 2014)

Before MARCUS, ROSENBAUM and JULIE CARNES, Circuit Judges.

PER CURIAM:

Walter Lomax Campbell, a federal prisoner proceeding pro se, appeals the

district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition for failure

to satisfy 28 U.S.C. § 2255(e)'s "savings clause."  On appeal, he argues that §

2255(e) allows him to proceed under § 2241 because a federal district court in South Carolina erroneously sentenced him under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based in part on his prior Florida conviction for felony child abuse, which he contends is not categorically a violent felony.  After thorough review, we affirm.[1]

We review de novo whether a prisoner may bring a § 2241 petition under the savings clause of § 2255(e).  Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1262 (11th Cir. 2013).  The applicability of the savings clause is a threshold jurisdictional issue, and the savings clause imposes a subject matter jurisdictional limit on § 2241 petitions.  Id. at 1262-63.  The petitioner bears the burden of showing that the § 2255 remedy was inadequate or ineffective to test the legality of his detention for purposes of § 2255(e).  Id. at 1262.  We construe a pro se litigant's pleadings liberally, though issues not briefed on appeal by a pro se litigant are deemed abandoned.  Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Holland v. Gee, 677 F.3d 1047, 1066-67 (11th Cir. 2012).  We may affirm for any reason supported by the record, even if not relied on by the district court. Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013).

---

[1]    In addition, we GRANT Appellant's motion for leave to file his reply brief out of time, but DENY AS UNNECSSARY his motion for leave to file a reply brief exceeding 15 pages.  His motion for appointment of counsel is DENIED.

A person convicted of knowingly violating 18 U.S.C. § 922(g)(1) shall be imprisoned "not more than ten years."  18 U.S.C. § 924(a)(2).  However, the ACCA imposes a 15-year mandatory minimum sentence on a defendant who violates § 922(g) after sustaining three previous convictions for violent felonies or serious drug offenses.  Id. § 924(e).  A violent felony under the ACCA is a crime punishable by a prison term of one year that also: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  Id. § 924(e)(2)(B).  In Begay v. United States, 553 U.S. 137 (2008), the Supreme Court held that, in determining whether a crime is a violent felony under the ACCA, it considers the offense "generically," that is to say, in terms of how the state statute defines the offense, and not in terms of how a particular offender committed it on a specific occasion.  Id. at 141.

A district court has the power to grant a writ of habeas corpus to a prisoner in custody in that district.  28 U.S.C. § 2241.  This power, however, is limited:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by [a § 2255 motion], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

3

28 U.S.C. § 2255(e).  The last twenty words of § 2255(e) are commonly referred to as the "savings clause."   An application for a writ of habeas corpus includes a petition filed under § 2241.  Bryant, 738 F.3d at 1262.

When a prisoner has filed a previous § 2255 motion to vacate, he must apply for and receive permission from a court of appeals before filing a successive § 2255 motion.  28 U.S.C. §§ 2244(b), 2255(h).  These restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause.  Bryant, 738 F.3d at 1267.  Consequently, a petitioner who filed a previous § 2255 motion that was denied may not circumvent the restriction on successive § 2255 motions by simply filing a petition under § 2241.  See id. at 1271.

Our interpretation of § 2255(e)'s savings clause has developed over time.  In Wofford v. Scott, we held that a petitioner could satisfy the savings clause if: (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes that the petitioner was convicted of a non-existent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion.  177 F.3d 1236, 1244 (11th Cir. 1999).  Wofford's § 2241 petition, however, did not met these requirements.  Id. at 1238, 1245.  Then, in Gilbert v. United States, we said that a § 2241 petitioner

4

could satisfy the savings clause if he was wrongly sentenced as a career offender under U.S.S.G. § 4B1.1, since his prior conviction for carrying a concealed weapon did not qualify as a crime of violence. 609 F.3d 1159, 1165-67 (11th Cir. 2010) ("Gilbert I"), vacated on reh'g en banc, 640 F.3d 1293 (11th Cir. 2011) ("Gilbert II"). We noted that Gilbert's career-offender enhancement, with only one prior predicate crime of violence, satisfied Wofford's requirement for a conviction for a "non-existent offense," since "being a career offender is essentially a separate offense . . . for which separate and additional punishment is provided." Id.

On rehearing en banc, however, we rejected Gilbert's assumption that he was convicted of the non-existent offense of being a career offender, explaining that "[a] defendant who is convicted and then has the § 4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement." Gilbert II, 640 F.3d at 1320. We said that Guidelines enhancements are not crimes that have to be charged in an indictment and proved to a jury beyond a reasonable doubt. Id. As a result, we concluded that the § 2255(e) savings clause "does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." Id. at 1323. Because Gilbert was not sentenced in excess of his statutory

5

maximum, we declined to "decide if the savings clause in § 2255(e) would permit a prisoner to bring a § 2241 petition claiming that he was sentenced to a term of imprisonment exceeding the statutory maximum." Id.

Thereafter, in Williams v. Warden, Fed. Bureau of Prisons, we recognized the issue left open in Gilbert II, but declined to resolve it, instead holding that Wofford resolved the petitioner's appeal because he could not show that our caselaw foreclosed his objection to treating his two prior Florida burglary convictions as ACCA predicate violent felonies. Williams, 713 F.3d 1332, 1343-44 (11th Cir. 2013). We said that Wofford established two necessary, but not necessarily sufficient, conditions for a sentencing claim to pass muster under the savings clause: (1) "the claim must be based upon a retroactively applicable Supreme Court decision"; and (2) "the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." Id. at 1343. We held that, because there was no circuit precedent during the petitioner's direct and collateral attacks that "squarely held" his predicate Florida burglary conviction was a violent felony for ACCA purposes, his original § 2255 motion was not "an ineffective test of his claims." Id. at 1344-45. Rejecting the argument that Begay was the "circuit-law busting, retroactively applicable Supreme Court decision" required by Wofford, we clarified that the Supreme

6

Court case must be "circuit-law busting" in that it overturned circuit precedent that specifically addressed the claim the prisoner now asserted. Id. at 1346-47.

In Bryant, we addressed the issue left open in Gilbert II, and held that, for a petitioner to bring a § 2241 challenge to the legality of his detention on the ground that a prior state conviction was not a predicate offense for purposes of the ACCA, he must make a five-part showing that a prior § 2255 motion was "inadequate or ineffective to test the legality of his detention." Bryant, 738 F.3d at 1274. First, a petitioner must show that, "throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [his] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [his] § 924(e) claim that he was erroneously sentenced above the 10-year statutory maximum penalty in § 924(a)." Id. Second, a petitioner must identify a Supreme Court decision announced after his first § 2255 proceeding that overturned our precedent "that had squarely foreclosed [his] § 924(e) claim." Id. Third, he must show that the Supreme Court's new rule applies retroactively on collateral review. Id. Fourth, he must show that, as a result of the new rule being retroactive, his current sentence exceeds § 924(a)'s ten-year statutory maximum. Id. Finally, he must show that "the savings clause in § 2255(e) reaches his pure § 924(e)[] error claim of illegal detention above the statutory maximum penalty in § 924(a)." Id.

7

In <u>Bryant</u>, we expressly declined to decide how to evaluate a § 2241 petition filed by a prisoner who originally was sentenced in another circuit, under that circuit's law, and who filed his first § 2255 motion in that circuit.  <u>Id</u>. at 1276 n.16.  However, in <u>Samak v. Warden, FCC Coleman-Medium</u>, we looked to whether Fifth Circuit precedent had squarely foreclosed the claim of a prisoner who was charged, convicted, and sentenced in the U.S. District Court for the Eastern District of Louisiana.  766 F.3d 1271, 1275 n.3 (11th Cir. 2014).

Here, we reject Campbell's claim that his sentence erroneously was enhanced based on convictions for child abuse or that the district court erred in dismissing his § 2241 petition.[2]  As the record shows, Campbell's petition fails to satisfy the first two elements of the <u>Bryant</u> test.  First, Campbell has failed to identify any binding Fourth Circuit precedent in existence at the time of his sentencing, direct appeal, or initial § 2255 proceedings -- and we can find none -- that specifically addressed whether a conviction for child abuse under § 827.03

---

[2]    Because the record refutes Campbell's claim that his sentence was enhanced based on a drug-trafficking conviction, the only remaining offense at issue is his child abuse conviction. Further, although Campbell asserts that his child-abuse conviction was based on a violation of Fla. Stat. Ann. § 827.04(1) (1995), the district court noted in Campbell's initial § 2255 proceedings that the child-abuse conviction was under § 827.03.  Under Fla. Stat. Ann. § 827.03(1)(b), the offense of child abuse is defined as

> 1. Intentional infliction of physical or mental injury upon a child;
>
> 2. An intentional act that could reasonably be expected to result in physical or mental injury to a child; or
>
> 3. Active encouragement of any person to commit an act that results or could reasonably be expected to result in physical or mental injury to a child.

qualified as an ACCA violent felony.  Nor has he cited anything that "squarely foreclose[d]" at that time his claim that he was erroneously sentenced above the ten-year statutory maximum penalty in § 924(a).  As a result, Campbell could have argued that his child-abuse conviction did not qualify as an ACCA violent felony at his sentencing in February 2007, and when he filed his § 2255 petition in April 2009.  Because Campbell was afforded multiple procedural opportunities to assert his § 924(e) claim, he cannot satisfy the first Bryant element.

Second, Campbell failed to identify a Supreme Court decision overturning any precedent from the Fourth Circuit that purportedly squarely foreclosed his claim.  Because there was no binding precedent that foreclosed his § 924(e) argument, it follows that no Supreme Court ruling could have overturned precedent foreclosing his claim.  In short, Campbell has failed to satisfy the first two elements of the Bryant test, and the remedy under § 2255 was not "inadequate or ineffective to test the legality of his detention."  Bryant, 738 F.3d at 1274.

**AFFIRMED**.[3]

---

[3]    We've not addressed the government's procedural default claim because the applicability of the savings clause is a threshold jurisdictional question that we must decide first.  We've also not addressed Campbell's claims concerning Descamps v. United States,133 S.Ct. 2276 (2013), Alleyne v. United States, 133 S.Ct. 2151 (2013), or his plea of nolo contendere, since he raises these issues for the first time on appeal.  Finally, we recognize that the district court erroneously held that because Campbell did not assert actual innocence of the underlying conviction, Gilbert II foreclosed him from pursuing his ACCA sentencing claim under § 2255(e)'s savings clause. Since Gilbert II, we clarified in Bryant that prisoners can raise ACCA sentencing claims in a § 2241 petition via § 2255(e)'s savings clause if they meet a five-part test. Nevertheless, we may

9

---

affirm for any reason supported by the record, and as we've already held, Campbell failed to show that § 2255(e)'s savings clause permitted his § 2241 petition under <u>Bryant</u>.

10