WILLIAM PRYOR, Circuit Judge,
concurring:
I join the majority opinion in full. Even assuming that the savings clause — as “interpreted” by this Court in Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013) — reaches retroactive amendments to state legislation, the Drug Law Reform Act of 2009 is not retroactive for prisoners like Cortes-Morales.
I write separately to reiterate that the five-part test we cooked up in Bryant is “indefensible as a matter of textual interpretation.” Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1276 (11th Cir. 2014) (W. Pryor, J., concurring). Because Bryant is a monster of our creation, untethered to the text, I see no principled basis for determining its ultimate reach. If “circuit-busting precedent” opens the door to untimely, successive attacks on a prisoner’s sentence, see Bryant, 738 F.3d at 1276, then why not retroactive amendments to state legislation? Until Bryant is overruled, we will continue to grapple in the dark to answer these types of questions. The en banc Court should overrule Bryant sooner rather than later.