[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-14230
Non-Argument Calendar

_____

D.C. Docket No. 2:16-cv-00048-LGW-RSB

FRANKLIN L. WILLIAMS,

Petitioner-Appellant,

versus

J. V. FLOURNOY,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 1, 2018)

Before JULIE CARNES, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

Franklin Williams, a federal prisoner proceeding *pro se*, appeals the dismissal of his 28 U.S.C. § 2241 application for habeas relief, alleging that he was denied a transfer to a minimum-security facility without due process. The district court construed Williams's application as a challenge to the validity of his conviction or sentence and concluded that because Williams failed to satisfy 28 U.S.C. § 2255(e)'s savings-clause requirements, he was not entitled to relief under Section 2241; accordingly, the court dismissed Williams's application for lack of jurisdiction. On appeal, Williams argues that his Section 2241 application challenged the execution of his sentence.[1]

In a federal habeas proceeding under Section 2241, the applicability of Section 2255(e)'s savings clause is "a threshold jurisdictional issue," and the savings clause "imposes a subject-matter jurisdictional limit" on Section 2241 applications. *Samak v. Warden, FCC Coleman-Medium*, 766 F.3d 1271, 1273 (11th Cir. 2014) (*per curiam*). We review the applicability of Section 2255(e)'s savings clause *de novo*. *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (*en banc*). *Pro se* pleadings are construed liberally, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), and federal courts have "an obligation to look behind the label of a motion filed by a

---

[1] Because Williams submitted two initial briefs in violation of the local rules, his second initial brief is stricken. We have not considered the arguments contained in the second brief. *See* 11th Cir. R. 28-1, I.O.P. 5.

2

*pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework," *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990).

Ordinarily, a federal prisoner may attack the validity of his conviction or sentence by filing a motion under Section 2255. 28 U.S.C. § 2255(a). Under Section 2255(e)'s savings clause, a federal prisoner may seek relief through a Section 2241 application only if the remedy provided under Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). As relevant here, relief available under Section 2255 may be inadequate or ineffective if the defendant is challenging the execution (rather than the validity) of his sentence. *McCarthan*, 851 F.3d at 1089, 1093.

Liberally construing Williams's claims—as we must—his application appears to contest the Bureau of Prisons' refusal to transfer him to a minimum-security prison camp. In dismissing Williams's application for lack of jurisdiction, the district court misconstrued his application as a challenge to the validity of his conviction or sentence, and therefore erred in failing to recognize that his claim was instead a challenge to the execution of his sentence. Despite this error, we affirm the district court's dismissal in this case because, even properly construed as a challenge to the execution of his sentence, Williams's application fails to state a claim for relief under § 2241.

3

In essence, in his execution-of-sentence claim, Williams asserts: (1) that he is eligible for transfer to a minimum security prison camp; (2) that prison officials denied his request for such a transfer, citing his history of threatening government officials during his incarceration; and (3) that this denial violated his due process rights because he was not given an opportunity to contest the alleged threats at a hearing before being denied the transfer. Without more, however, this is merely a garden-variety prison transfer claim that is insufficient to invoke the protections of the Due Process Clause. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976).

As the Supreme Court has explained, "the Due Process Clause in and of itself [does not] protect a duly convicted prisoner against transfer from one institution to another." *Id.* at 225. Nor does it give him a right to transfer to a particular institution of his choosing. *See id.* This is so because a defendant's valid conviction authorizes the government to "confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Id.* at 224. Thus, the fact "[t]hat life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to [or denied a transfer from] the institution with the more severe rules." *Id.* at 225.

Furthermore, "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39

4

(2002).  Indeed, prison officials generally "have the discretion to transfer prisoners for any number of reasons."  *Meachum*, 427 U.S. at 228; *see also* 18 U.S.C. § 3621(b) (providing that the Bureau of Prisons "may at any time . . . direct the transfer of a prisoner" from one facility to another subject to considerations such as the resources of the facility, the nature of the offense, and the history and characteristics of the prisoner).  Accordingly, the Supreme Court generally "has not required administrators to conduct a hearing before transferring [or declining to transfer] a prisoner."  *McKune*, 536 U.S. at 39.

Here, Williams's claim amounts to an assertion that the facility in which he is currently housed is "more disagreeable" than the minimum-security prison camp to which he would like to be transferred.  *See Meachum*, 427 U.S. at 225.  That allegation alone is insufficient to show a violation of Williams's due process rights, and it was well within the Bureau of Prisons' discretion to deny Williams's requested transfer based on his prior threats against government officials.  *Id.* at 225, 228; 18 U.S.C. § 3621(b)(3).  Accordingly, Williams has not stated a viable claim for relief under § 2241, and we affirm the district court's dismissal on that alternative ground.  *See, e.g.*, *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) ("We may affirm on any ground supported by the record."); *see also, e.g.*, *Moody v. Holman CF*, No. 18-11229, __ F.3d ___, 2018 WL 1835319, at * 9 (11th Cir. Apr. 18, 2018) (disagreeing with district court's dismissal of § 2241

5

petition as challenge to validity, rather than execution, of sentence, but affirming

dismissal on alternative ground that claim "fail[ed] on the merits").

**AFFIRMED.**