[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14445
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-00408-MCR-EMT; 3:11-cr-00048-MCR-EMT-1

ZACHARY T. FREY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 22, 2018)

Before MARCUS, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Zachary Frey appeals the district court's denial of his 28 U.S.C. § 2255 motion

to vacate his 180-month sentence under the Armed Career Criminal Act ("ACCA").

We granted a certificate of appealability ("COA") on the issue of whether the district

court erred in concluding that Indiana burglary qualified as a predicate offense under

the ACCA and in denying Frey's claim that <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), undermined his conviction and sentence under 18 U.S.C. § 924(e). After thorough review, we affirm.

When reviewing a district court's denial of a § 2255 motion, we review findings of fact for clear error and questions of law <u>de novo</u>. <u>McKay v. United States</u>, 657 F.3d 1190, 1195 (11th Cir. 2011).

The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

(i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause." <u>United States v. Owens</u>, 672 F.3d 966, 968 (11th Cir. 2012). On June 26, 2015, the Supreme Court in <u>Johnson</u> held that the residual clause of the ACCA is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. 135 S. Ct. at 2557-58, 2563. Thus, under <u>Johnson</u>, a defendant's sentence cannot be enhanced using the residual clause because the residual clause is unconstitutionally vague. <u>Id</u>. at 2563. Thereafter, the Supreme

2

Court held that <u>Johnson</u> announced a new substantive rule that applies retroactively to cases on collateral review. <u>Welch v. United States</u>, 136 S. Ct. 1257, 1264-65, 1268 (2016).

We recently decided that because a <u>Johnson</u> claim argues that the defendant was sentenced as an armed career criminal under the residual clause, a § 2255 movant must prove it "more likely than not" that the use of the residual clause led the sentencing court to impose the ACCA enhancement. <u>Beeman v. United States</u>, 871 F.3d 1215, 1220-22 (11th Cir. 2017). In doing so, we rejected the position that a <u>Johnson</u> movant met his burden unless the record affirmatively showed that the district court relied upon the ACCA's elements clause. <u>Id</u>. at 1223. We instructed that each case must be judged on its own facts and that different kinds of evidence could be used to show that a sentencing court relied on the residual clause. <u>Id</u>. at 1224 n.4. As examples, we offered a record containing direct evidence in the form of a sentencing judge's comments or findings indicating that the residual clause was essential to an ACCA enhancement. <u>Id</u>. Alternatively, a record may contain sufficient circumstantial evidence, like unobjected-to PSI statements recommending that the enumerated-offenses and elements clauses did not apply or concessions made by the prosecutor that those two clauses did not apply. <u>Id</u>. We clarified, however, that the relevant issue is one of historical fact -- whether at the time of sentencing the defendant was sentenced solely under the residual clause. <u>Id</u>. at 1224 n.5. We said that precedent at the time of sentencing would be strong circumstantial evidence if it

3

indicated that a prior conviction only qualified as a violent felony under the residual clause. Id. Precedent issuing after sentencing, however, "casts very little light, if any, on the key question" of whether the defendant was, in fact, sentenced under the residual clause only. Id.

In Beeman's case, we rejected the district court's dismissal of the § 2255 motion as untimely because the movant timely raised a Johnson claim. Id. at 1221. We then addressed the merits of the Johnson claim, even though the district court did not, because we may affirm on any ground supported by the record, the record was clear that the movant could not meet his burden, and the movant had not requested a remand for an evidentiary hearing and agreed to proceed on the record as it was. Id. Since nothing in the record showed that the sentencing court relied on the residual clause, rather than the elements clause, and the movant cited no precedent from the time of sentencing showing that his conviction qualified as a violent felony only under the residual clause, we concluded that the movant could not carry his burden. Id. at 1224-25.

At the time of Frey's prior convictions, Indiana law provided that a "person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony." Ind. Code § 35-43-2-1 (2008). The offense was a Class B felony if the building or structure was a dwelling. Ind. Code § 35-43-2-1(1)(B) (2008). The Seventh Circuit recently concluded that Indiana burglary qualifies as a violent felony after Johnson -- based on the enumerated

4

crimes clause.  United States v. Perry, 862 F.3d 620, 624 (7th Cir. 2017), cert. denied, 138 S. Ct. 1545 (2018).

Here, Frey cannot meet his burden under Beeman to show that it was more likely than not that his sentence was enhanced under the ACCA's residual clause since, as the record reveals, Frey cannot show that the district court relied solely on the ACCA's residual clause when it sentenced him.  See Beeman, 871 F.3d at 1221-22.[1]  Indeed, the record is silent as to the issue.  It reveals that Frey did not object to the ACCA enhancement, and that neither the presentence investigation report ("PSI") nor the district court at sentencing explained or indicated in any way whether Indiana

---

[1]     As an initial matter, we recognize that the government argues that Frey has procedurally defaulted on his ACCA claim and that we are first bound to address issues of procedural default.  McKay, 657 F.3d at 1195.  Under the procedural default doctrine, the defendant typically must advance any available challenges to his criminal convictions or sentences on direct appeal or is otherwise precluded from presenting those claims in a federal § 2255 proceeding.  Id. at 1196.  Here, however, the government waived the affirmative defense of procedural default by failing to raise it in its response to Frey's amended § 2255 motion, which is the basis for this appeal.  Howard v. United States, 374 F.3d 1068, 1073 (11th Cir. 2004) (holding that the government waived a procedural default argument by failing to raise it in the district court).

On the other hand, we are addressing the Beeman issue in this appeal even though the government raised it for the first time on appeal, because Beeman did not issue until after the time for filing objections to the report and recommendation had passed, and the district court issued its order only three days after Beeman.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331–32 (11th Cir. 2004) (holding that issues raised for the first time on appeal are generally forfeited, unless: (1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the party had no opportunity to raise the issue below; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern); Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1273 n.1 (11th Cir. 2014) (applying Access Now in a case involving a 28 U.S.C. § 2241 habeas corpus petition).  Further, although the COA we issued did not expressly mention Beeman, we will tackle it anyway because the government briefed the issue; Frey had the opportunity to brief it; and Beeman presents a legal question that would not benefit from a remand in this case, particularly since the district court had already conducted a brief analysis under Beeman and concluded that Frey likely could not meet the standard.  In any event, a COA is not required for "the defense of a judgment on alternative grounds," Jennings v. Stephens, 135 S. Ct. 793, 802 (2015), and regardless of the ground stated in the district court's order or judgment, we may affirm on any ground supported by the record.  Castillo v. United States, 816 F.3d 1300, 1303 (11th Cir. 2016).

burglary was a violent felony under the enumerated crimes clause or residual clause. Id. at 1221-25.  Further, there was no caselaw from this Court, the Seventh Circuit, or the Supreme Court at the time of Frey's sentencing that addressed whether Indiana burglary qualified as a violent felony.  Id. at 1224-25 (noting that the movant had not cited any precedent from the time of sentencing showing that his prior conviction qualified as a violent felony only under the residual clause).  Moreover, neither this Court nor the Supreme Court has addressed that issue even today.  Id. at 1224 n.5 (noting that precedent issued after sentencing "casts very little light, if any," on the question of whether the defendant was sentenced under the residual clause).  Because there was no direct evidence in the record or other circumstantial evidence concerning which clause of the ACCA the district court relied on at sentencing, Frey cannot meet his burden under Beeman to show that he was sentenced solely under the residual clause.

Accordingly, Frey cannot show that he more likely than not was sentenced under the residual clause, and we affirm the denial of his § 2255 motion.

**AFFIRMED**.

6