[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13032
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cv-00222-WTH-PRL

DARRELL SMITH,

Petitioner-Appellant,

versus

WARDEN,
FCC COLEMAN - USP II,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 11, 2019)

Before WILLIAM PRYOR, GRANT, and HULL, Circuit Judges.

PER CURIAM:

Darrell Smith, proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2241 petition.  On appeal, he contends that he has an "exceptional constitutional interest" in being transferred to a prison that offers participation in a counseling program for sex offenders because he is ineligible for parole on his concurrent state life sentences until he completes such a program.[1]  He argues that, in denying him access to the counseling program, the Bureau of Prisons is effectively denying him his chance at parole.  We review *de novo* the district court's denial of Smith's 28 U.S.C. § 2241 habeas petition.  *See Dohrmann v. United States*, 442 F.3d 1279, 1280 (11th Cir. 2006).

"Congress has given federal prison officials full discretion to control" prisoner eligibility for rehabilitative programs, and federal prisoners have no statutory or constitutional right to participate in such programs.  *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S. Ct. 274 (1976) (citing 18 U.S.C. § 4081).  Nor is Smith entitled to be housed in a particular prison facility.  *See McKune v. Lile*, 536 U.S. 24, 39, 122 S. Ct. 2017 (2002); *Meachum v. Fano*, 427 U.S. 215, 225, 96 S. Ct. 2532 (1976).  And even assuming for purposes of this appeal that Smith's inability to participate in a sex offender treatment program affected the Georgia Parole

---

[1] For the first time on appeal, Smith contends that his eligibility for federal parole is also conditioned on his participation in a sex offender treatment program.  But because Smith failed to raise that claim in the district court, we will not consider it now.  *See Samak v. Warden, FCC Coleman-Medium*, 766 F.3d 1271, 1273 n.1 (11th Cir. 2014).

Board's decision to deny him parole,[2] Smith still has no constitutional liberty interest in transferring to a prison that offers the program because he has no constitutional right to parole. *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Sultenfuss v. Snow*, 35 F.3d 1494, 1499 (11th Cir. 1994) ("[T]he Georgia parole system does not create a liberty interest protected by the Due Process Clause."). Accordingly, the district court did not err in denying Smith's habeas petition, and we affirm.

**AFFIRMED.**

---

[2] June 2013 correspondence from the Georgia Board of Pardons and Paroles stated to Smith: "The Board determined that your parole release would not be compatible with the welfare of society (see O.C.G.A. 42-9-42(c)) due to the severe nature of the offense(s) for which you were convicted."

3