**\*DLD-054**                                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3133
_____

In re:  ROBERT LEE HULL, SR.,
                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 1:00-cv-00087)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 26, 2019

Before:  RESTREPO, PORTER and NYGAARD, Circuit Judges

(Opinion filed:  December 27, 2019)
_____

OPINION\*
_____

PER CURIAM

Robert Lee Hull is a Delaware inmate serving a sentence of life imprisonment pursuant to

a conviction that became final 25 years ago.  Hull has filed a mandamus petition in this

Court seeking unspecified relief.  It appears from the exhibits attached to his petition,

however, that Hull is attempting to challenge his conviction or sentence.  That is not a

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

permissible use of mandamus; Hull must instead comply with the procedures for filing second or successive habeas petitions, set forth in 28 U.S.C. § 2244. See Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1285 (11th Cir. 2014); cf. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (explaining that inmate may not use habeas petition under § 2241 simply because he cannot meet AEDPA's gatekeeping requirements for second or successive habeas petitions).  Accordingly, Hull's mandamus petition is denied.  His motion for appointment of counsel is dismissed as moot.