**BLD-306**                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2286
_____

IN RE: MARCUS WHITE,
                                        Petitioner

_____

On Petition for a Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. No. 2:10-cr-00420-001)
_____

Submitted Pursuant to Fed. R. App. 21
on September 17, 2020

Before: AMBRO, GREENAWAY, JR., and BIBAS, <u>Circuit Judges</u>

(Opinion filed: September 30, 2020)

_____

_____

OPINION[*]
_____

PER CURIAM

Marcus White is serving an 804-month prison sentence pursuant to convictions in 2011 in the United States District Court for the Eastern District of Pennsylvania (the District Court). The convictions stem from armed robberies of a post office and two convenience stores in Pennsylvania followed by White's arrest while driving a stolen vehicle in Maryland. See generally United States v. White, 504 F. App'x 168 (3d Cir. 2012), as amended (April 29, 2015).

Pending before us is White's petition for a writ of mandamus, in which he argues that the District Court and this Court lacked jurisdiction over his trial and interlocutory appeal of an adverse suppression ruling, respectively. According to White, he should have been prosecuted in Maryland state court, to which his criminal case should be remanded. See Doc. 1-1 (mandamus petition) at 2; Doc. 6 (motion to remand). White refers to Maryland v. Marcus White, Case No. 3E00440786 (Prince George's County), where charges related to the stolen vehicle were nolle prossed after judgment was entered in the District Court.

To the extent White is challenging his federal convictions or sentence, mandamus is not the proper vehicle for doing so. He must instead seek authorization to file a second or

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

successive motion to vacate under 28 U.S.C. § 2255, under the procedures set forth in 28 U.S.C. §§ 2255(h) and 2244. See Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1285 (11th Cir. 2014) (Pryor, J., concurring); cf. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (explaining that inmate may not use habeas petition under § 2241 simply because he cannot meet AEDPA's gatekeeping requirements for second or successive habeas petitions). White should by now be familiar with those procedures. See, e.g., In re White, C.A. No. 20-1588; In re White, C.A. No. 15-3489; and In re White, C.A. No. 15-1727.

Insofar as White's mandamus petition may be construed as something other than an unauthorized collateral attack on his convictions or sentence, he fails to satisfy the standard for relief. Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). And no such circumstances are presented here. In particular, White's alleged right to have his criminal case in the District Court migrated to a closed, previously parallel proceeding in Maryland is far from "clear and indisputable." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam).

Accordingly, the mandamus petition will be denied. White's separately filed— though substantively identical—motion to remand is denied.

3