[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 14-14550; 14-14551; 14-14852; & 14-14853
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-02839-RWS

DAVID W. HARRIS,

Petitioner - Appellant,

versus

WARDEN,

Respondent - Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(September 16, 2015)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

I.

A.

David W. Harris was convicted in 2008 in the Eastern District of Wisconsin for possession with intent to distribute 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1).  Because he had two prior felony drug convictions—one from Arkansas and one from Washington state—the District Court sentenced him to the mandatory minimum sentence of 120 months.  *See* 21 U.S.C. § 841(b)(1)(B).  He appealed, arguing that the district court erroneously admitted evidence and that the evidence presented was insufficient to support his conviction.  *United States v. Harris*, 585 F.3d 394, 396 (7th Cir. 2009), *cert. denied*, 559 U.S. 1100, 130 S. Ct. 2390, 176 L. Ed.2d 781 (2010).  Finding no reversible error,[1] the Seventh Circuit affirmed the district court's judgment of conviction.  *Id.* at 402.

In May 2010, Harris filed a motion in the Eastern District of Wisconsin to vacate his sentence pursuant to 28 U.S.C. § 2255.  *See Harris v. Drew*, No. 1:12-CV-3580-RWS, 2013 WL 2418389, at *1 (N.D. Ga. May 31, 2013).  He argued that his sentence was improper because the Arkansas drug conviction used to enhance his sentence was no longer valid.  The court rejected this argument, noting that the unchallenged Washington state drug conviction was independently "sufficient to trigger the mandatory minimum."  Harris additionally raised

---

[1] The Seventh Circuit found one error below: the district court failed to make explicit findings concerning the admissibility of a coconspirator's statement prior to the introduction of that statement at trial. *United States v. Harris*, 585 F.3d 394, 400 (7th Cir. 2009). Nonetheless, the Seventh Circuit held that this was not reversible error, and that, regardless, the district court's decision to admit the hearsay was correct. *Id.*

arguments regarding ineffective assistance of trial counsel.  The court, however, found these arguments to be meritless.  Accordingly, the court both denied him relief under § 2255 and a certificate of appealability ("COA").  The Seventh Circuit also denied him a COA, thus concluding his first efforts at relief under § 2255.[2]

Eventually, Harris was transferred from the Eastern District of Wisconsin to United States Penitentiary Atlanta in the Northern District of Georgia.  On August 22, 2013, Harris filed a 28 U.S.C. § 2241 petition for a writ of habeas corpus in the Northern District of Georgia[3] alleging that he was factually and actually innocent of his § 841(a) conviction.  Harris stated that his conviction resulted from collusion between the trial judge, two Wisconsin police departments, a government informant, and his attorneys, among others.  To support these claims of Fifth and Sixth Amendment violations,[4] Harris presented newly discovered evidence that the testimony offered against Harris at trial "was known perjury, suborned by the United States Attorney and the District Judge."  In addition to this evidence, he

---

[2] Afterwards, Harris filed four additional § 2255 motions.  All were dismissed.

[3] This was Harris's third § 2241 petition.  The District Court dismissed the first two after determining that Harris's claims did not fit within 28 U.S.C. § 2255(e)'s savings clause and that the District Court therefore lacked subject-matter jurisdiction to entertain either petition.

[4] Harris's claim of collusion implicates at least two constitutional rights. First, the facts recount a violation of Harris's Fifth Amendment due process right to an impartial judge.  *See, e.g.*, *In re Murchison*, 349 U.S. 133, 136, 75 S. Ct. 623, 625, 99 L. Ed. 942 (1955).  Second, the facts recount a violation of his Sixth Amendment right to the effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674 (1984).  What other claims Harris might raise under these facts is irrelevant to the disposition of this case.

3

explained that the individuals who colluded to secure his conviction would all testify to their actions (and Harris's innocence) should there be an evidentiary hearing.

Harris proposed two bases on which the court could grant his petition. First, he argues that a freestanding claim of actual innocence entitled him to relief. *See Herrera v. Collins*, 506 U.S. 390, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993). Second, if actual innocence alone were insufficient to grant the writ, he argues that such proof would nonetheless suffice to permit the court to consider his constitutional claims. *See Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

The District Court considered neither argument. Instead, it dismissed his petition for lack of subject-matter jurisdiction. Specifically, the court noted that Harris was "not eligible to proceed under § 2241 because he does not meet the requirements for invoking the savings clause under 28 U.S.C. § 2255(e)." This was because Harris's claims "f[e]ll within the scope of § 2255(h)(1)." Accordingly, it was beyond peradventure that a § 2255 motion was not "inadequate or ineffective to test the legality of his detention," as required to invoke the savings clause under 2255(e). *See* 28 U.S.C. § 2255(e).

B.

4

Harris now appeals.  He asserts that the District Court misunderstood the "difference between a AEDPA *substantive* claim of actual innocence . . . made pursuant to 28 U.S.C. § 2255(h)(1)," and a "*Schlup* Protocol gateway claim of actual innocence of the offense of conviction *procedural* claim of actual innocence."  As a result, the court

> erred as a matter of law in applying the 28 U.S.C. § 2255(h) *substantive* "clear and convincing'" standard of review rather than the *procedural* "more likely than not" probabilistic assessment standard of review to the "new evidence" in regard to a *Schlup* gateway claim of actual innocence of the offense of conviction.

Pet. Br. 3.  Had the District Court understood Harris's *Schlup* claim, it would have first determined whether "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of newly presented evidence, *Schlup*, 513 U.S. at 327, 115 S. Ct. at 867, and, having found that Harris's new evidence satisfied this burden, would have then reached Harris's Fifth and Sixth Amendment claims on the merits.

## II.

"Whether a prisoner may bring a 28 U.S.C. § 2241 petition under the savings clause of § 2255(e) is a question of law we review *de novo*."  *Bryant v. Warden*, 738 F.3d 1253, 1262 (11th Cir. 2013) (quoting *Williams v. Warden*, 713 F.3d 1332, 1337 (11th Cir. 2013)).  We lack jurisdiction to consider § 2241 petitions unless a § 2255 motion would be "inadequate or ineffective to test the

5

legality of [the petitioner's] detention." *See Williams*, 713 F.3d at 1338; 22 U.S.C. § 2255(e). And, as we pronounced in our most recent savings clause case, "[t]he petitioner bears the burden of demonstrating that the § 2255 remedy was 'inadequate or ineffective to test the legality of his detention' for purposes of § 2255(e)." *Bryant*, 738 F.3d at 1262; *Williams*, 713 F.3d at 1349–50 (dismissing Williams' petition after concluding that he had not demonstrated that a § 2255 motion would be inadequate or ineffective to test the legality of his detention).

Petitioner Harris cannot shoulder this burden. It is axiomatic that claims cognizable under § 2255 cannot be brought under § 2241. The savings clause of § 2255(e) permits a § 2241 petition only if a prisoner's original § 2255 motion was "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Harris was convicted of possession with intent to distribute 500 or more grams of cocaine. He now claims that he is factually and actually innocent of that offense. He maintains that his conviction resulted from collusion between the trial judge, two Wisconsin police departments, a government informant, and his attorneys, among others. Were it not for that collusion, the trial court would not have admitted certain evidence. And were that evidence suppressed, there would have been insufficient evidence to sustain Harris's guilt beyond a reasonable doubt. In other words, but for violations of Harris's Fifth Amendment right to the due process of law—in this case, the right to a fair and impartial judge—and Sixth

Amendment right to the effective assistance of counsel, Harris would be a free man.

In other words, Harris alleges that his "sentence was imposed in violation of the Constitution or laws of the United States." *See id.* at § 2255(a). That Harris already filed a § 2255 motion is no matter. Although courts generally do not entertain second or successive § 2255 motions, *see id.* at § 2244(a), they may consider the merits of such motions if the movant presents "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," *id.* at § 2255(h)(1). Here, Harris did the just that: he has produced a letter from the Greenfield, Wisconsin police department that he believes can help prove that "all testimony based on the bogus and fabricated cocaine and traffic stop was known perjury, suborned by the United States Attorney and the District Judge at trial." Accordingly, upon certification by the Seventh Circuit Court of Appeals, a District Court could evaluate Harris's claims on the merits.

Harris's claim thus falls squarely within § 2255's ambit. Regardless of whether the Seventh Circuit will actually certify a successive § 2255 motion based upon the above facts and legal theories, § 2255 is adequate to test the legality of

Harris' sentence.[5]  *See Gilbert v. United States*, 640 F.3d 1293, 1308 (11th Cir. 2011) (en banc) (noting that "[t]he existence of the statutory bar on second and successive motions cannot mean that § 2255 is 'inadequate or ineffective' to test the legality of [a petitioner]'s detention within the meaning of the savings clause"). Accordingly, § 2255(e)'s savings clause does not apply.

The District Court committed no error when it dismissed Harris's petition after determining that it lacked subject-matter jurisdiction to consider Harris's § 2241 petition.

AFFIRMED.

---

[5] Harris strenuously disputes that his claims are cognizable under § 2255(h)(1).  In his brief, he states that § 2251(h)(1) concerns "substantive claim[s] 'based on' newly-discovered evidence," while his claim—a "*Schlup* Protocol *procedural* claim of actual innocence"—is a "procedural claim 'based on' on [sic] *constitutional* errors."  Harris misunderstands both § 2255 and *Schlup*.

Section 2255(h)(1) is not an invitation to file freestanding claims of actual innocence; indeed, "our precedent forbids granting habeas relief based upon a claim of actual innocence, anyway, at least in non-capital cases."  *Jordan v. Sec'y Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007).  A § 2255(h)(1) showing serves only to allow courts to consider the merits of a petitioner's constitutional claims.  And, contrary to Harris' understanding, § 2255 encompasses "procedural claim[s] 'based on' [sic] *constitutional errors*."  *See, e.g.*, *United States v. Al-Arian*, 514 F.3d 1184, 1191 (11th Cir. 2008) (holding that a § 2255 motion may be used to enforce plea agreements because the government violates due process when it reneges on such agreements); *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012) (considering a Sixth Amendment ineffective-assistance-of-counsel claim under § 2255's rubric).

For its part, the *Schlup* rule serves only to allow courts, upon a showing of actual innocence, to consider constitutional claims that would otherwise be procedurally defaulted.  *See McQuiggin v. Perkins*, ___ U.S. ___, ___, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013).  There is no procedural barrier preventing a court from considering Harris's constitutional claims on the merits.  Furthermore, in the federal habeas context, the *Schlup* rule only applies to initial § 2255 petitions.  *See id.* at 1933–34.  AEDPA's strictures govern second and successive § 2255 petitions.  *Id.*