[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13621
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-00183-LGW-RSB

EVERETTE SIMMONS,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 23, 2016)

Before TJOFLAT, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Everett Simmons, a federal prisoner proceeding *pro se*, appeals from the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition for failure to satisfy 28 U.S.C. 2255(e)'s savings clause. Simmons's § 2241 petition, filed in the Southern District of Georgia, challenges the validity of his conviction in the Eastern District of Missouri for conspiracy to distribute and possess with intent to distribute cocaine, under 21 U.S.C. § 846, which the Eighth Circuit affirmed on direct appeal. In his § 2241 petition, Simmons asserts that numerous trial errors led to his conviction, that he received ineffective assistance of counsel on direct appeal, and that the § 2255 court later misconstrued his motion to vacate and failed to properly address his claims of ineffective assistance of counsel. He also contends that the Supreme Court's decision in *Dretke v. Haley*, 541 U.S. 386, 124 S. Ct. 1847 (2004), authorizes review of his § 2241 petition because he alleged actual innocence.

Whether a prisoner may bring a § 2241 petition under the savings clause of § 2255(e) is a question of law that we review *de novo*. *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1262 (11th Cir. 2013). We liberally construe the filings of *pro se* parties. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365

2

(11th Cir. 2003). Section 2255 grants federal prisoners a cause of action to challenge their sentences as unconstitutional or otherwise unlawful and delineates the procedure for adjudicating these actions. *See* 28 U.S.C. § 2255. In addition, the so-called "savings clause" contained in § 2255(e) permits a federal court to entertain a federal prisoner's § 2241 habeas petition in the limited circumstances where the prisoner demonstrates that the remedy in § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Because the savings clause is a jurisdictional provision, a petitioner must show that § 2255 is "inadequate or ineffective" before the district court has jurisdiction to review the § 2241 petition. *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1339–40 (11th Cir. 2013). In other words, whether a federal prisoner pursing a § 2241 petition meets the § 2255(e) savings clause, and thereby opens a portal to review of the merits of the § 2241 petition, is a threshold consideration that must be resolved before reaching the merits of the § 2241 petition.

We have stated that § 2255 is "inadequate or ineffective" if the petitioner had no "genuine opportunity" to raise the claim in a § 2255 motion. *Bryant*, 738 F.3d at 1272. So, if there was a genuine opportunity to raise the claim in a § 2255 motion, the claim cannot be brought under § 2241. *See Harris v. Warden*, 801 F.3d 1321, 1324 (11th Cir. 2015) ("It is axiomatic that claims cognizable under

§ 2255 cannot be brought under § 2241.").  Moreover, procedural bars to a § 2255 motion, such as a limitations period or procedural default, generally do not make the remedy of § 2255 inadequate or ineffective.  *Zelaya v. Sec'y, Fla. Dep't of Corr.*, 798 F.3d 1360, 1370 (11th Cir. 2015).  Similarly, although federal prisoners are subject to a bar on filing second or successive § 2255 motions unless they meet specific statutory requirements, *see* 28 U.S.C. §§ 2244(b), 2255(h), that bar does not render § 2255 inadequate or ineffective to test the legality of the petitioner's detention within the meaning of the savings clause.  *Gilbert v. United States*, 640 F.3d 1293, 1308 (11th Cir. 2011) (*en banc*).  In other words, a prisoner cannot evade the successive-applications bar by filing a § 2241 motion instead.  *See id.*

We have recognized one particular instance in which "no genuine opportunity" exists to raise a claim in a § 2255 motion.  *See Williams*, 713 F.3d at 1343.  Specifically, no genuine opportunity exists if precedent in the circuit of conviction squarely foreclosed the claim now being raised in a § 2241 petition throughout the prisoner's sentencing, direct appeal, and first § 2255 motion.  *Id.*; *see also Bryant*, 738 F.3d at 1272.  In those circumstances, according to this Court's decision in *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999), the savings clause is available to challenge a conviction where the petitioner makes two additional showings:  (1) the claim is based on a retroactively applicable Supreme Court decision; and (2) "the holding of that Supreme Court decision

4

establishes the petitioner was convicted for a nonexistent offense." *Id.*; *see also Williams*, 713 F.3d at 1343–44.

While we have since noted that the *Wofford* test is "'only dicta' as it applies to challenges to convictions," *Zelaya*, 798 F.3d at 1370-71 (quoting *Gilbert*, 640 F.3d at 1319), we also "have never doubted that the savings clause, at the very least, applies to actual-innocence claims due to a conviction for a non-existent offense." *Id.* (quoting *Bryant*, 738 F.3d at 1281). Put differently, the savings clause gives a prisoner "an avenue to seek relief" "when a Supreme Court decision subsequent to conviction means that a petitioner's offense conduct is no longer criminal." *Williams*, 713 F.3d at 1343 (citing *Wofford*, 177 F.3d at 1244). However, although the *Wofford* test is directed to claims of actual innocence, actual innocence alone does not "open the gateway to relief under the savings clause." *Zelaya*, 798 F.3d at 1371–72. "That is, the prisoner must show some sort of procedural defect in § 2255, and not merely assert that he has a particularly weighty substantive claim." *Id.*

In his § 2241 petition, Simmons argued that he was convicted on the basis of evidence that should not have been admitted at trial (such as co-conspirator statements made after the conspiracy ended), that the trial court erred in ruling on various other matters, that his appellate counsel was ineffective for filing an *Anders* brief on direct appeal, and that the § 2255 court misconstrued his claims

and improperly applied a procedural bar to his claim of ineffective assistance of counsel. He claims that the government at trial introduced no legally competent evidence on which to base his conviction and overcome the presumption of innocence, and that, as a result of the various errors asserted, he was denied his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Here, Simmons has not met the requirements of the savings clause. Simmons has not identified any Eighth Circuit precedent that, throughout Simmons's sentencing, direct appeal, and first § 2255 motion, squarely foreclosed any of the claims he brought in his § 2241 petition. Accordingly, he has not shown that he was deprived of a "genuine opportunity" to raise his current claims in a § 2255 motion. *See Williams*, 713 F.3d at 1343. Indeed, it appears that Simmons's § 2241 petition largely reiterates claims he previously raised in his § 2255 motion.

Even assuming that the § 2255 court, or the trial and appellate courts before it, reached an incorrect outcome on Simmons's claims, that is not enough to show that § 2255 was inadequate or ineffective as a remedy. *See Bryant*, 738 F.3d at 1272; *Williams*, 713 F.3d at 1348. Likewise, the § 2255 court's application of a procedural bar to some of Simmons's claims does not render § 2255 inadequate or ineffective. *See Zelaya*, 798 F.3d at 1370. Rather, "[Simmons] has to show that

the test was not procedurally adequate because erroneous circuit precedent foreclosed his argument." *Williams*, 713 F.3d at 1348. He has not done so here.

Moreover, Simmons does not rely on any retroactive Supreme Court decision that was not previously available to him and that establishes that his conduct is no longer criminal. *Id.* at 1343–44; *Wofford*, 177 F.3d at 1244. As far as we can tell from Simmons's filings, the law applicable to his claims has not changed from the time of his conviction in 2009 through the date of our decision in this appeal. And even if such a decision were applicable to Simmons's claims, Simmons still likely could not obtain relief via the savings clause without a showing that the claims were foreclosed by circuit precedent throughout the underlying proceedings. *See Samak v. Warden, FCC Coleman-Medium*, 766 F.3d 1271, 1275 (11th Cir. 2014) (affirming the dismissal of a § 2241 petition solely because the petitioner could not show that "circuit precedent squarely foreclosed his claim").

Finally, Simmons's reliance on *Dretke* is misplaced. In *Dretke*, the Supreme Court addressed, but declined to resolve, the question of whether an actual-innocence exception permitted consideration of a procedurally defaulted challenge to a non-capital sentence raised in a 28 U.S.C. § 2254 petition for habeas corpus. 541 U.S. at 393–94, 124 S. Ct. at 1852. But even if *Dretke* did resolve that question, it would not help Simmons. In *Zelaya*, we rejected a prisoner's reliance

7

on similar cases from this Court which had established that "an actual innocence claim may excuse a non-jurisdictional procedural bar," such as a statute of limitations or a procedural default. 798 F.3d at 1372 (citing *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011–12 & n.14 (11th Cir. 2012), and *McKay v. United States*, 657 F.3d 1190, 1998 (11th Cir. 2001)). We explained that an actual innocence claim could not excuse the requirements of the savings clause because "[s]ection 2255(e) is not a procedural *bar*; instead, it imposes a jurisdictional *condition* on the availability of the § 2241 petition." *Zelaya*, 798 F.3d at 1372 (emphasis in original). Therefore, even a credible claim of actual innocence "cannot by itself open the gateway to § 2241 relief." *Id.* at 1373. Instead, Simmons must comply with the statutory framework Congress established, which means, because he has already filed one § 2255 motion, that he must comply with the requirements under § 2255(h) relating to second or successive § 2255 motions. *See id.*

Because Simmons has not shown that § 2255 is inadequate or ineffective to test the legality of his detention, the savings clause of § 2255(e) is not available to open a portal to § 2241 relief, and the district court properly dismissed his § 2241 petition for lack of subject-matter jurisdiction.

**AFFIRMED.**

8