[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11250
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-21199-KMW

RYAN LEE ZATER,

                                                        Petitioner-Appellant,

versus

WARDEN, FCI MIAMI LOW,

                                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 17, 2018)

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Ryan Zater, a federal prisoner proceeding *pro se*, appeals the dismissal of his 28 U.S.C. § 2241 application for habeas corpus relief.  The district court concluded that because Zater failed to satisfy § 2255(e)'s saving-clause requirements, he was not entitled to relief under § 2241, and dismissed his application for lack of jurisdiction.  On appeal, Zater makes two arguments.  First, he asserts that his 18 U.S.C. § 924 convictions are invalid, and that he should be able to seek habeas relief under § 2255(e)'s saving clause on the ground that he is "actually innocent" and § 2255 was inadequate and ineffective to challenge his conviction because his earlier efforts to do so were barred by precedent and the bar on second or successive § 2255 motions.[1]  Second, and separately, Zater contends that the district court erred in not exercising its discretion to transfer his § 2241 application to the District of South Carolina—the district of his conviction—for resolution. After careful review, we affirm.

In a federal habeas proceeding under § 2241, the applicability of § 2255(e)'s saving clause is "a threshold jurisdictional issue," and the saving clause "imposes a subject-matter jurisdictional limit" on § 2241 applications.  *Samak v. Warden, FCC Coleman-Medium*, 766 F.3d 1271, 1273 (11th Cir. 2014) (per curiam).  We review the applicability of § 2255(e)'s saving clause *de novo*.  *McCarthan v. Dir. of*

---

[1] A federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct his sentence is required to move the court of appeals for an order authorizing the district court to consider such a motion. *See* 28 U.S.C. § 2255(h), *cross-referencing* 28 U.S.C. § 2244. Without authorization, the district court lacks jurisdiction to consider a second or successive petition. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

2

*Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (2017), *cert. denied sub nom.*, 138 S. Ct. 502, 199 (2017).  Although district courts shall liberally construe *pro se* filings, *pro se* litigants must still comply with the court's procedural rules, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Ordinarily, a federal prisoner may attack the validity of his conviction or sentence by filing a motion to vacate under § 2255.  *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).  Under § 2255(e)'s saving clause, a prisoner may seek relief through a § 2241 habeas application only if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention," which is the petitioner's burden to establish.  28 U.S.C. § 2255(e); *McCarthan*, 851 F.3d at 1081.  In *McCarthan*, we concluded that the saving clause permits a federal prisoner to proceed under § 2241 only when: (1) he is "challeng[ing] the execution of his sentence, such as the deprivation of good-time credits or parole determinations"; (2) "the sentencing court [was] unavailable," such as when the sentencing court itself has been dissolved; or (3) "practical considerations (such as multiple sentencing courts) might prevent a petitioner from filing a motion to vacate."  851 F.3d at 1092–93.

The saving clause, however, does not allow access to § 2241 simply because a claim is barred by the rule against second or successive § 2255 motions.  *Id*. at 1092.  Consequently, a petitioner who has filed a previous § 2255 motion that has

3

been denied may not circumvent the restriction on successive § 2255 motions by filing an application under § 2241. *Id*. at 1091–92.

Even liberally construing Zater's claims, as we must, his argument that he is "actually innocent" of his § 924 convictions—the same argument that he attempted to make in his successive § 2255 motions—attacks the substance of his convictions and accompanying sentences, and thus falls outside the scope of § 2255(e)'s saving clause as interpreted in *McCarthan*. Accordingly, we conclude that the district court properly dismissed his application for lack of jurisdiction.

Additionally, unlike § 2255 motions, § 2241 applications must be brought in the district court for the district in which the inmate is incarcerated. *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991). Any other district court lacks jurisdiction over a § 2241 application. *Id.* Here, Zater brought his application in the Southern District of Florida—the district in which he is incarcerated. Therefore, the district court did not err by declining to transfer Zater's application to the District of South Carolina—the district of his conviction.

For these reasons, the district court properly dismissed Zater's § 2241 habeas application for lack of jurisdiction. Accordingly, we affirm.

**AFFIRMED.**