**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1294
_____

IN RE: MITCHELL N. NICHOLAS,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of the Virgin Islands
(Related to V.I. Civ. No. 3:13-cv-00075)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 4, 2024

Before: JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: April 12, 2024)
_____

OPINION[*]
_____

PER CURIAM

    A Virgin Islands jury found Mitchell Nicholas guilty on territorial charges of first-

degree murder and other crimes. With the exception of a conviction for unlawfully

possessing ammunition, Nicholas's criminal judgment was affirmed. <u>See</u> <u>Nicholas v.</u>

<u>Virgin Islands</u>, 56 V.I. 718, 724 (2012). He is serving a sentence of life imprisonment.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Attempts by Nicholas to invalidate the territorial judgment all have failed. See, e.g., In re Nicholas, C.A. No. 22-2660, Doc. 4 (3d Cir. Oct. 18, 2022) (order) (denying motion under 28 U.S.C. § 2244 to file a second or successive habeas petition); Nicholas v. Virgin Islands, C.A. No. 20-3029, 2021 WL 1400719, at *1 (3d Cir. Mar. 26, 2021) (order) (denying request for review of District Court's decision rejecting Rule 60(b) motion as unauthorized collateral attack); Nicholas v. Virgin Islands, C.A. No. 15-1920, Doc. ID No. 003112105866 (3d Cir. Oct. 20, 2015) (order) (denying request for review of District Court's decision denying habeas relief).

Now before the Court is Nicholas's pro se petition for a writ of mandamus.[1] In the petition, Nicholas argues that he was arrested "without probable cause nor a warrant"; that grand jury subpoenas were "unlawfully served" upon cell-service companies; and that he has been improperly denied a hearing.[2] For relief, Nicholas seeks: an "evidentiary hearing to have all illegally obtained evidence [from the murder case] be suppressed and the voiding of the federal conviction[s]" as "fruits of a poisonous tree."[3]

---

[1] The filing makes multiple references to "23-2617," a § 2244 proceeding in which Nicholas voluntarily withdrew his application for relief. See In re Nicholas, C.A. No. 23-2617, Doc. 6 (3d Cir. Oct. 30, 2023) (order).

[2] Insofar as Nicholas means to complain about purported delay by the District Court in addressing his "Motion for an Emergency Evidentiary Hearing," **DC ECF No. 88**, we note that the motion was denied by order entered on March 26, 2024, **DC ECF No. 92**.

[3] Nicholas's reference to federal criminal proceedings relates to his convictions for threatening to murder two judges who presided over his habeas case. See United States v. Nicholas, 844 F. App'x 609, 611 (4th Cir. 2021) (per curiam).

2

Nicholas's mandamus petition thus presents as little more than a new collateral-attack vehicle, which is not a permissible use of the writ. See Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1285 (11th Cir. 2014) (Pryor, J., concurring). Nicholas must instead seek authorization to file a new habeas petition under the procedures set forth in § 2244 (if challenging his territorial convictions), or file a motion to vacate under § 2255 (if challenging his federal threat convictions). Cf. Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam) ("Massey may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements . . . for filing a second or successive § 2255 motion[.]"); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) ("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]"); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (explaining that inmate may not use habeas petition under § 2241 simply because he cannot meet AEDPA's gatekeeping requirements for second or successive habeas petitions), abrogated on other grounds by Jones v. Hendrix, 143 S. Ct. 1857 (2023).

Even if Nicholas's mandamus petition could be construed as something other than a new collateral-attack vehicle, he fails to satisfy the standard for relief. Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). And no such circumstances are presented here. In particular, Nicholas's right to relief—i.e., his right, in a closed habeas case, to an evidentiary hearing through which he may invalidate territorial and

3

federal criminal judgments—is not "clear and indisputable." <u>Hollingsworth v. Perry</u>, 558

U.S. 183, 190 (2010) (per curiam).

Accordingly, the mandamus petition will be denied.