[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12278

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL SHANE RAGLAND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:09-cr-14016-KMM-1

_____

Before JORDAN, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

Michael Shane Ragland appeals his amended sentence of 2,072 months in prison for one count of conspiracy to commit robbery, seven counts of robbery, seven counts of brandishing a firearm during and in relation to a crime of violence, and two counts of attempted robbery. His case returns to us from resentencing after Ragland successfully moved to vacate his earlier sentence under 28 U.S.C. § 2255. In addition to the above, Ragland had been convicted on one count of carrying a firearm during the commission of a crime of violence, attempted Hobbs Act Robbery, in violation of 18 U.S.C. § 924(c). The District Court vacated that conviction—along with Ragland's sentence—after a Supreme Court case held that attempted Hobbs Act Robbery does not qualify as a "crime of violence" under 18 U.S.C. § 924(c). *See United States v. Taylor*, 596 U.S. 845, 142 S. Ct. 2015 (2022).

Ragland essentially raises three issues on appeal: (1) his resentencing was procedurally unreasonable; (2) the Court should have granted him leave to amend his second successive motion to vacate under Federal Rule of Civil Procedure 15(c)(1)(B) and allowed him to argue additional issues at resentencing; and (3) his 2,072-month sentence is substantively unreasonable. After careful review, we affirm.

**I.**

On April 30, 2009, a grand jury charged Ragland and various co-defendants with twenty-two counts related to armed robberies of convenience stores in Martin and St. Lucie Counties, Florida, between December 2007 and February 2008. Count One of the superseding indictment charged the group with conspiring to commit Hobbs Act robbery under 18 U.S.C. § 1951(a). Counts Two, Four, Six, Nine, Eleven, Seventeen, Nineteen, and Twenty-One charged the defendants with completed Hobbs Act robbery under 18 U.S.C. § 1951(a). Counts Three, Five, Seven, Ten, Twelve, Fourteen, Sixteen, Eighteen, Twenty, and Twenty-Two charged the defendants with brandishing or carrying firearms during a "crime of violence" under 18 U.S.C. §§ 924(c)(1)(A)(ii) and 924(c)(1)(C)(i). Finally, Counts Eight and Fifteen charged them with attempted Hobbs Act Robbery under 18 U.S.C. § 1951(a).

On November 19, 2009, a jury convicted Ragland on eighteen counts, and he was sentenced to a total of 2,352 months in prison. Ragland appealed his convictions, and this Court affirmed. *See United States v. Ragland*, 434 F. App'x 863 (11th Cir. 2011). On June 23, 2016, Ragland filed his first motion to vacate his sentence under 28 U.S.C. § 2255, which the District Court denied.[1] On

---

[1] In his original § 2255 motion, Ragland cited the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591, 135 S. Ct. 2551 (2015), which invalidated the Armed Career Criminal Act's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii). Ragland argued that the decision also effectively invalidated § 924(c)'s residual clause, although that clause was not the subject of *Johnson*. The District Court rejected Ragland's argument, relying mostly on out-of-circuit cases that had declined to extend *Johnson* beyond its immediate context.

October 12, 2022, this Court granted Ragland leave to file a second or successive motion under 28 U.S.C. § 2255. In that motion, Ragland collaterally attacked his sentence as to Count Sixteen on the basis that it violated a new rule of constitutional law, citing *United States v. Davis*, 588 U.S. 445, 139 S. Ct. 2319 (2019), and *United States v. Taylor*, 596 U.S. 845, 142 S. Ct. 2015 (2022). Ragland argued that he was legally innocent as to Count Sixteen because that § 924(c) charge was predicated on an *attempted* robbery, which did not qualify as a "crime of violence."

On December 8, 2022, the District Court granted relief as to Count Sixteen, vacated Ragland's sentence, and ordered a resentencing hearing. On April 10, 2023, Ragland moved to hold his resentencing in abeyance pending the resolution of an appeal in another case, *United States v. Louis*, No. 21-cr-20252 (S.D. Fla. Feb. 27, 2023), in which the district court, citing *Taylor*, dismissed a defendant's § 924(c) charges that were predicated on *completed* Hobbs Act robbery.

On June 9, 2023, Ragland moved to amend his § 2255 petition pursuant to Federal Rule of Civil Procedure 15(c)(1)(B).[2] In the Rule 15 motion, Ragland argued that he was *also* "innocent of the § 924(c) convictions charged in Counts 3, 5, 10, 12, 18, 20, and 22, which are predicated on completed Hobbs Act robbery because

---

[2] Rule 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

Hobbs Act robbery . . . is also categorically overbroad in light of *Taylor*."

On June 13, the District Court denied Ragland's motion to hold his resentencing in abeyance. And on June 29, the District Court denied Ragland's request to amend his § 2255 petition, holding that it lacked subject-matter jurisdiction to consider issues beyond those permitted by this Court's October 2022 order. Therefore, the District Court would only consider the effects of the Count Sixteen vacatur as to Ragland's sentence.

The Court held Ragland's resentencing hearing on the same day. During the hearing, Ragland raised three main objections for the purposes of this appeal. First, he objected to the Court's denial of his Rule 15(c)(1)(B) motion, asserting that it presented "a non-waivable jurisdictional argument" that could be raised because the Count Sixteen vacatur effectively "unbundle[d] the entire sentence that the Court imposed back in 2010." Second, Ragland argued that, because the Court had ordered resentencing, he was entitled to be sentenced under the provisions of the First Step Act, which came into effect after his 2010 sentencing. And third, Ragland argued that, under *Wooden v. United States*, 595 U.S. 360, 142 S. Ct. 1063 (2022), his conspiracy and substantive offenses should have been treated as a single, continuous offense under § 924(c).

After denying each objection, the Court heard from Ragland, his attorney, the Government, and a probation officer. The Government recommended a sentence of 2,052 months, reflecting a small downward variance from a U.S. Sentencing

Guidelines range of 2,072 months to 2,119 months. Ultimately, after "consider[ing] the statements of all parties, [and] the Pre-Sentence Report which contains the advisory Guidelines and the statutory factors," the Court imposed a new sentence of 2,072 months in prison. Ragland timely appealed.

## II.

Ragland asserts various infirmities in the District Court's resentencing process. We review the reasonableness of his sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). To determine whether a sentence is procedurally reasonable, we ask whether "the district court: (1) properly calculated the Guidelines range; (2) treated the Guidelines as advisory; (3) considered the 18 U.S.C. § 3553(a) factors; (4) did not select a sentence based on clearly erroneous facts; and (5) adequately explained the chosen sentence." *United States v. Wayerski*, 624 F.3d 1342, 1353 (11th Cir. 2010).

### A

We begin with Ragland's claim that the District Court failed to afford him a full, "de novo" resentencing. In an appeal from a § 2255 proceeding, we review legal issues de novo. *United States v. Brown*, 879 F.3d 1231, 1234 (11th Cir. 2018). We review a district court's choice of remedy under § 2255 for an abuse of discretion. *Id.* at 1235.

Ragland cites *United States v. Brown* for the proposition that the District Court did not conduct the full resentencing required by § 2255. In *Brown*, a federal prisoner attacked his fifteen-year

sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), on the basis that *Johnson v. United States*, 576 U.S. 591, 135 S. Ct. 2551 (2015), rendered him ineligible for § 924(e)'s enhanced penalties. *Brown*, 879 F.3d at 1233. Although the district court granted Brown's § 2255 motion, it "corrected" his sentence to ten years without holding a resentencing hearing. *Id.* at 1234. And it did so even though his new sentence had to be imposed under a different statutory provision—18 U.S.C. § 924(a)(2), rather than § 924(e)(1). *Id.* at 1240.

On appeal, this Court articulated a "two-step process" for district courts to follow when granting relief under § 2255: "First, the court must 'vacate and set the judgment aside.' Second, the court must choose from among four distinct remedies: (1) discharge the prisoner; (2) resentence the prisoner; (3) grant the prisoner a new trial; or (4) correct the prisoner's sentence." *Id.* at 1235 (quoting 28 U.S.C. § 2255(b)). We then described the two questions courts must consider when deciding whether a defendant is entitled to resentencing under § 2255:

> First, did the errors requiring the grant of habeas relief undermine the sentence as a whole? Second, will the sentencing court exercise significant discretion in modifying the defendant's sentence, perhaps on questions the court was not called upon to consider at the original sentencing? When these factors are present, a District Court's sentence modification qualifies as a critical stage in the proceedings, requiring a hearing with the defendant present.

*Id.* at 1239–40.

Here, unlike in *Brown*, the District Court *did* hold a resentencing hearing, attended by Ragland, his lawyer, the Government, and a probation officer. Nevertheless, Ragland essentially argues that his resentencing was not *de novo enough* and that "the district court was required to start anew with meaningful consideration of the factors set forth in § 3553(a)."[3]

But there is nothing in the record to suggest that the District Court failed in its obligation to consider these factors and the relevant Sentencing Guidelines. Although a district court must consider the § 3553(a) sentencing factors, it is not required to explicitly discuss or state on the record that it has considered each of them individually. *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009). Instead, an acknowledgment by the district court that it

---

[3] The Government seemingly treats this argument as a challenge to the District Court's choice of remedy under § 2255. It argues, therefore, that this Court lacks jurisdiction because Ragland did not obtain a certificate of appealability. *See United States v. Cody*, 998 F.3d 912, 913 (11th Cir. 2021) (holding "that a certificate of appealability is required to challenge the choice of remedy under" § 2255). But Ragland does not argue that the District Court chose the wrong remedy—indeed, he insists that "[t]he district court's decision to hold a *de novo* resentencing was the appropriate remedy." Rather, he argues that the resentencing, though correctly ordered, was improperly conducted. That argument is best characterized as raising a "direct appeal matter," much like "an argument that the district court misapplied the sentencing guidelines at a prisoner's resentencing." *See id.* at 915 (holding that such matters "do not require a certificate of appealability").

considered the factors is sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).

Here, the District Court considered Ragland's testimony and sentencing memorandum, which reflected his rehabilitation efforts since his original sentencing. Still, the Court concluded, after hearing from the Government and reviewing the presentence investigation report ("PSI"), that it had found "nothing . . . that would cause [it] to alter any of [its] prior determinations, particularly as it takes into consideration the 3553(a) factors, [and] the history and characteristics of the Defendant."

Although the District Court was required to reconstruct Ragland's sentencing package, it was not required to act as if the earlier sentencing never happened. "As the architect of a sentence structure that has been partially dismantled by a conviction being vacated, the district court can redesign and rebuild it to achieve the original purpose and conform to code." *United States v. Fowler*, 749 F.3d 1010, 1018 (11th Cir. 2014). That is what the District Court did here, concluding that the earlier sentence was appropriate except to the extent that it reflected Ragland's erroneous Count Sixteen conviction. We cannot say that the District Court erred in doing so.

### B

Next, Ragland argues that the District Court erred by not resentencing him under the First Step Act. We review a district court's authority to reduce a sentence under the Act de novo. *United States v. Jackson*, 58 F.4th 1331, 1333 (11th Cir. 2023). We

may affirm for any reason supported by the record. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008).

District courts lack inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B); *see United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Under 18 U.S.C. § 3582(c), a district court may modify a defendant's sentence if: (1) the Bureau of Prisons or the defendant files a motion and the defendant meets additional conditions; (2) a statute or Federal Rule of Criminal Procedure 35 expressly permits the modification; or (3) the defendant was sentenced based on a Guidelines range that the Sentencing Commission later lowered and other requirements are met. *See* 18 U.S.C. § 3582(c).

Prior to the First Step Act, 18 U.S.C. § 924(c) contained a "stacking" provision that required, in the case of a second or subsequent conviction under § 924(c), that a defendant be "sentenced to a term of imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(1)(C)(i) (2010). Section 403(a) of the First Step Act amended this language so that the twenty-five-year mandatory minimum on a second § 924(c) violation only applies after the first § 924(c) conviction has become final. First Step Act, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221–22 (2018). However, § 403 does not apply fully retroactively. *See id.* § 403(b). It reads: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of

such date of enactment." *Id.* We have recently held that a sentence pronounced pre-Act, but thereafter vacated, qualifies as "a sentence" that "has . . . been imposed" for § 403(b) purposes, and therefore the defendant is not entitled to the benefit of the Act's modified stacking rule. *United States v. Hernandez*, 107 F.4th 965, 968 (11th Cir. 2024).

In *Hernandez*, the defendant was originally sentenced in 1999 and resentenced in 2002, when his separate § 924(c) counts were "stacked" according to § 924(c)(1). *Id.* at 967. The district court then vacated one of Hernandez's § 924(c) convictions, pursuant to a 28 U.S.C. § 2255 motion, on the ground that the Supreme Court's intervening decisions in *Johnson v. United States* and *United States v. Davis* disqualified his attempted-robbery charge as a predicate "crime of violence" for § 924(c) purposes. *Id.* At resentencing in 2022, the district court rejected Hernandez's argument that he was entitled to the benefit of the First Step Act's modified stacking rule. *Id.* And this Court affirmed, explaining that § 403(a)'s modified stacking rule did not apply because the district court had pronounced a sentence for Hernandez before the First Step Act passed in 2018. *Id.* at 973.

Similarly here, the District Court did not err in resentencing Ragland without applying § 403(a) of the First Step Act's modified stacking rule, because his prior 2010 sentence qualified as "a sentence" that "has . . . been imposed" under § 403(b), and therefore he did not qualify to be resentenced under that provision of the First Step Act, even though his original sentence was later vacated.

*C*

Ragland then argues that the District Court failed to consider his post-incarceration rehabilitation under § 3553(a) and *Pepper v. United States*, 562 U.S. 476, 131 S. Ct. 1229 (2011).

District courts are required to correctly calculate a defendant's Sentencing Guidelines range, both initially and upon resentencing, and use that range as "the starting point and the initial benchmark for their sentencing decisions." *United States v. Fowler*, 749 F.3d 1010, 1021 (11th Cir. 2014) (quotation marks omitted). The district court at resentencing must then consider the § 3553(a) factors in determining whether to impose a sentence within the Guidelines range. *Id.* Because a defendant's post-sentencing rehabilitation efforts implicate several § 3553(a) factors, the court at resentencing may consider evidence of that rehabilitation to support a downward variance from the advisory Guidelines range. *Pepper*, 562 U.S. at 490–93, 131 S. Ct. at 1241–43.

Here, Ragland argues that the District Court erred because it mistakenly believed that it lacked the discretion to consider his rehabilitation efforts during the resentencing hearing. He says that "the district court misapprehended the relevance of [his] rehabilitation," as evidenced by the Court's statement that it "didn't affect the guidelines." But that is not quite accurate. Immediately after being presented with evidence of Ragland's rehabilitation, the District Court said: "I can tell you that, in my opinion, they don't affect the Guideline calculations and they certainly don't affect where I would otherwise sentence within the Guidelines."

The full quote makes clear that the District Court was exercising its *discretion* when it discounted the value of Ragland's rehabilitation. The record does not suggest that the Court felt it lacked the authority to consider that evidence. Rather, the record suggests that the Court reached its decision having "considered the statements of all parties," including the rehabilitation evidence presented at the resentencing hearing and in Ragland's sentencing memorandum. Therefore, we cannot say that the District Court erred in its exercise of discretion under § 3553(a).

### D

Similarly, Ragland asserts that the District Court mistakenly believed that it was precluded from considering § 924(c)'s mandatory minimums when fashioning his overall sentence. In other words, he argues that the District Court did not apply intervening law from *Dean v. United States*, 581 U.S. 62, 137 S. Ct. 1170 (2017), at his resentencing.

In *Dean*, the defendant was convicted on two counts of violating § 924(c), which were predicated on two robbery convictions. *Dean*, 581 U.S. at 65, 137 S. Ct. at 1174. At the time, this meant that Dean faced mandatory five-year and twenty-five-year sentences to run consecutively with any sentence he received for his other convictions. *Id.* at 65, 137 S. Ct. at 1174–75. At sentencing, he argued that the district court "should consider his lengthy mandatory minimum sentences when calculating the sentences for his other counts, and impose concurrent one-day sentences for those counts." *Id.* at 65–66, 137 S. Ct. at 1176.

The district court acknowledged Dean's minor role in the offenses and his minimal criminal history, and it agreed that a sentence of thirty years and one day was "more than sufficient for a sentence in this case." *Id.* at 66, 137 S. Ct. at 1175. However, the court believed that § 924(c) required it to disregard the thirty-year minimum when fashioning the rest of Dean's sentence. *Id.* In other words, the court thought it had to craft a sentence on the robbery counts independently, rather than "as part of a combined package," in which case "those counts plainly warranted sentences longer than one day." *Id.*

On appeal, the Eighth Circuit affirmed, and the Supreme Court granted certiorari. *Id.* The Court noted that "[s]entencing courts have long enjoyed discretion in the sort of information they may consider when setting an appropriate sentence." *Id.* After surveying the relevant sentencing statutes, the Court reasoned that "[n]othing in § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count." *Id.* at 67–69, 137 S. Ct. at 1175–77. The Court therefore reversed and remanded for further proceedings. *Id.* at 70, 137 S. Ct. at 1178.

Here, Ragland suggests that the District Court made the same mistake as the district court in *Dean*. But again, the record does not support Ragland's claims. At resentencing, Ragland raised the *Dean* issue at the same time as he advocated for the applicability of the First Step Act. In that discussion, the District Court indicated

that, regardless of whether the Act applied, it was "the Court's intention to impose an advisory Guideline sentence similar to—or identical to the sentence that was previously imposed, with the exception of the 924—the Count 16 conviction." At no point did the Court suggest that it was prevented from considering the length of Ragland's mandatory § 924 sentences during resentencing. Therefore, we cannot say that the Court misunderstood its discretion under *Dean*.

E

Finally, as to the District Court's alleged procedural errors,[4] Ragland argues that the Court incorrectly calculated his criminal history category by treating a Pennsylvania robbery conviction as a "prior offense" under U.S.S.G. § 4A1.2, rather than as "relevant conduct" under U.S.S.G. § 1B1.3. Ragland notes that the charged conspiracy started in December 2007 and the Pennsylvania robbery occurred in February 2008, when he was finally arrested and later transferred into federal custody. At trial, the Government insinuated that Ragland's Hobbs Act conspiracy continued at least until his arrest. For instance, in the Government's closing argument, it stated that "the conspiracy . . . finally came to an end in

---

[4] Ragland also characterizes the District Court's alleged failure to apply *Wooden v. United States*, 595 U.S. 360, 142 S. Ct. 1063 (2022), as a procedural error. But because we conclude that the District Court lacked jurisdiction to consider that issue, we discuss it *infra*, in Part III, along with the claims raised in Ragland's Rule 15(c) motion.

Pennsylvania" and described the Pennsylvania robbery as sharing the same characteristics as the earlier robberies in Florida.

Under U.S.S.G. § 4A1.1, a defendant's criminal history score is calculated based on the number and severity of any prior sentences the defendant has received. Section 4A1.2(a) defines a "prior sentence" as "any sentence previously imposed upon adjudication of guilt . . . for conduct not part of the instant offense." The Guidelines commentary suggests that conduct is not considered part of the instant offense if it would be considered "relevant conduct" under § 1B1.3. U.S.S.G. § 4A1.2, comment. (n.1).[5]

Section 1B1.3 explains what conduct is "relevant" in determining a defendant's Guidelines range. *Id*. § 1B1.3. Specifically, the guideline instructs that "solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction" are attributable to the defendant. *Id*. § 1B1.3(a)(2).

As to the rules regarding grouping, § 3D1.2 provides that, in general, counts involving substantially the same harm shall be grouped together into a single group for sentencing purposes. *Id*. § 3D1.2. Counts embody substantially the same harm

---

[5] This Court considers Guidelines commentary only to the extent that a guideline's substantive text is ambiguous. *United States v. Dupree*, 57 F.4th 1269, 1273–77 (11th Cir. 2023) (en banc). We need not consider whether the applicable guidelines are ambiguous here, because the answer would not affect our holding, as explained *infra*.

when, among other things, "the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior." *Id.* § 3D1.2(d). The guideline applicable to robbery, § 2B3.1, is specifically excluded from the operation of subsection (d). *Id.* § 3D1.2(d). Grouping exclusions under § 3D1.2(d) do not necessarily preclude grouping under another subsection. *Id.*

"A conviction on a count charging a conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit." *Id.* § 1B1.2(d). The guideline commentary states that the application of § 1B1.2(d) requires particular care because there are cases in which the verdict does not establish which offenses were the object of the conspiracy, and in such cases, the court, sitting as the trier of fact, must make the determination of which offenses the defendant conspired to commit. *Id.* § 1B1.2, comment. (n.4).

Ultimately, it is "not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence." *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006) (quotation marks omitted).

> [W]hen a district court states that the sentence it has imposed would not have changed even with a different guideline calculation—we assume there was an error, reduce the guideline range according to the way the defendant argued, and analyze whether the sentence would be substantively reasonable under that guideline range.

*United States v. Grushko*, 50 F.4th 1, 18 (11th Cir. 2022).

Here, Ragland's proposed Guidelines range for the Hobbs Act robbery convictions would be 168 to 210 months' imprisonment, reflecting a criminal history category of II.[6] At resentencing, the probation office calculated a Guidelines sentence of 188 months, which the District Court adopted. In doing so, the Court made clear, "to the extent that there is some issue with respect to the calculation of the Guidelines, that the Court would impose an identical sentence post [*United States v.*] *Booker* as a reasonable sentence based on th[e] 3553(a) factors."

So, even assuming, without deciding, that the District Court erred in treating the Pennsylvania robbery as a prior offense, any error was harmless because the Court's *Keene* statement demonstrates that it would have imposed the same sentence even absent the alleged errors. After having identified the Court's *Keene* statement and calculated the defendant's proposed Guidelines range, we need only ask whether the sentences imposed were substantively reasonable under § 3553(a). As discussed *infra*, we conclude

---

[6] The PSI added three points to Ragland's criminal history score based on the Pennsylvania robbery. This brought his total score to six, resulting in a criminal history category of III. Ragland's total offense level was thirty-four. Therefore, the Guidelines advised a sentence of 188 to 235 months' imprisonment. *See* U.S.S.G. ch. 5, pt. A.

If we subtract the three points from Ragland's criminal history, keeping all else equal, he would receive a criminal history category of II and a Guidelines range of 168 to 210 months' imprisonment. *See id.*

that the District Court imposed a substantively reasonable sentence.

### III.

Ragland also asserts that the District Court should have allowed him to amend his § 2255 motion under Federal Rule of Civil Procedure 15(c) and raise various additional sentencing issues over which the Court believed it lacked jurisdiction.

We review questions of a district court's subject-matter jurisdiction de novo. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). We review the district court's denial of a motion for leave to amend a § 2255 motion for abuse of discretion. *Farris v. United States*, 333 F.3d 1211, 1214 (11th Cir. 2003). In a § 2255 proceeding, we review the district court's legal conclusions de novo and its factual findings for clear error. *Id.* at 1216. And we review the application of Rule of Civil Procedure 15(c) de novo. *Mungin v. Sec'y, Fla. Dep't of Corrs.*, 89 F.4th 1308, 1321 (11th Cir. 2024).

A district court may apply the Federal Rules of Civil Procedure to § 2255 proceedings. *Farris*, 333 F.3d at 1215. Federal Rule of Civil Procedure 15(c) provides that an amendment to a pleading "relates back" to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

A prisoner who has filed a prior § 2255 motion and had that motion adjudicated on the merits must obtain this Court's authorization before the district court may consider a "second or

successive" § 2255 motion. *Samak v. Warden, FCC Coleman-Medium*, 766 F.3d 1271, 1274 (11th Cir. 2014); 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). Without such authorization, the district court lacks jurisdiction to consider the motion. *Farris*, 333 F.3d at 1216. Additionally, district courts do not have subject-matter jurisdiction over claims that were not raised and authorized in a defendant's application to file a successive motion to vacate. *See United States v. Pearson*, 940 F.3d 1210, 1216 (11th Cir. 2019); 28 U.S.C. § 2244(b)(3)(A). Naturally, this means that the court does not have the power to accept or reject these claims on the merits. *See United States v. Salmona*, 810 F.3d 806, 810 (11th Cir. 2016) ("Without subject matter jurisdiction, a court has no power to decide anything except that it lacks jurisdiction.").

Here, we authorized Ragland to raise "one claim" in his successive § 2255 motion: that he was actually innocent of Count Sixteen, which charged him with a violation of § 924(c) predicated on attempted Hobbs Act robbery. In our order, we concluded that "Ragland ha[d] made a *prima facie* showing that he [wa]s entitled to relief under *Davis* as to his § 924(c) conviction on Count 16." Whatever the merits of Ragland's arguments as to the other counts, he did not raise those arguments in his application, and we did not authorize them. Even if those arguments could be said to "relate back" to the claim raised in Ragland's successive motion, it would not change the fact that the District Court lacked jurisdiction to consider them. *See* Fed. R. Civ. P. 15(c); 28 U.S.C. §§ 2244(b)(3), 2255(h). And although Ragland later attempted to frame those

claims as objections to his PSI at resentencing, that again does not change the fact that those claims were not authorized.

Therefore, the District Court properly dismissed Ragland's motion to amend his second or successive § 2255 motion for lack of subject-matter jurisdiction because he was required to ask this Court for permission to raise claims for Counts Three, Five, Ten, Twelve, Eighteen, Twenty, and Twenty-Two in his successive § 2255 motion. Similarly, the District Court properly declined to address the merits of Ragland's claims under *United States v. Taylor* and *Wooden v. United States* because he did not ask this Court for permission to raise claims under *Taylor* or *Wooden* in his successive § 2255 application, and thus, the District Court lacked subject-matter jurisdiction over those claims.

## IV.

Finally, we review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard considering the totality of the circumstances. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. In reviewing the reasonableness of a sentence, we will not substitute our own judgment for that of the district court and will "affirm a sentence so long as the court's decision was in the ballpark of permissible outcomes." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) (quotation marks omitted). The party challenging the sentence bears the burden of proving that it is unreasonable. *United States v. Boone*, 97 F.4th 1331, 1338–39 (11th Cir. 2024).

A court imposes a substantively unreasonable sentence "when it (1) fails to afford consideration to relevant factors that

were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Butler*, 39 F.4th at 1355 (quotation marks omitted). Although the district court is required to consider all relevant § 3553(a) factors, "the weight given to each factor is committed to the sound discretion of the district court," and the court may attach great weight to one factor over the others. *Id.*

We have held that "[p]lacing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1263 (11th Cir. 2015). Moreover, the court's failure to discuss mitigating evidence does not indicate that the court "erroneously 'ignored' or failed to consider this evidence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

We ordinarily expect sentences within a defendant's Guidelines range to be reasonable. *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009). Another sign of reasonableness is that the sentence is well below the statutory maximum. *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021).

Here, Ragland argues that his 2,072-month sentence was substantively unreasonable largely on the basis that the District Court failed to properly apply the § 3553(a) factors. But nothing in the record suggests that the District Court shirked its duties at resentencing. To the contrary, the Court specifically cited "the [§] 3553(a) factors" and "the history and characteristics of the

Defendant," including Ragland's prior violent acts, when it imposed the new sentence.

Given the District Court's broad discretion, we cannot say that the sentence was unreasonable. The 2,072-month total sentence was within the Guidelines range and below the statutory maximum sentence,[7] both indicators of reasonableness. Even if Ragland prevailed on his challenge to his criminal history score, his sentence would still have been within the proposed Guidelines range.[8] The District Court reached this sentence after considering the parties' arguments, Ragland's history and characteristics, the updated presentence investigation report, the sentencing memorandum, and the § 3553(a) factors.

Accordingly, we affirm.

**AFFIRMED.**

---

[7] The District Court imposed mandatory minimum sentences as to Counts Three, Five, Ten, Twelve, Eighteen, Twenty, and Twenty-Two. *See* 18 U.S.C. § 924(c)(1). And it imposed concurrent 188-month sentences as to the Hobbs Act convictions, for which the statutory maximum sentence would have been twenty years. *See* 18 U.S.C. § 1951(a).

[8] *See supra* note 6. Ragland's proposed Guidelines range would be 168 to 210 months, based on a criminal history category of II and a total offense level of 34. The District Court sentenced him to 188 months as to Counts One, Two, Four, Eight, Nine, Eleven, Fifteen, Seventeen, Nineteen, and Twenty-One, to be served concurrently. Therefore, the imposed 188-month sentence remained within Ragland's proposed Guidelines range.